UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIGUEL MARTINEZ, on behalf of himself and all other persons similarly situated,<br><br>                Plaintiff,<br><br>   -against-<br><br>INSTITUTE FOR THE PUERTO RICAN/HISPANIC ELDERLY, INC., ACACIA NETWORK, INC., LUZ M. CHANCI GARCIA (a/k/a LUCY GARCIA), and SULEIKA C DRINANE (a/k/a SULEIKA CABRERA DRINANE),<br><br>                Defendants. | Case No. 22-cv-4365<br><br>**COMPLAINT** |

Plaintiff MIGUEL MARTINEZ (hereinafter "Martinez"), by and through his undersigned attorneys, for his complaint against INSTITUTE FOR THE PUERTO RICAN/HISPANIC ELDERLY, INC., ACACIA NETWORK, INC., LUZ M. CHANCI GARCIA (a/k/a LUCY GARCIA), and SULEIKA C DRINANE (a/k/a SULEIKA CABRERA DRINANE) (collectively "Defendants") alleges as follows, on behalf of himself and all other persons similarly situated.

## I. NATURE OF THE ACTION

1. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), New York Labor Law §§ 190, 650 et seq. ("NYLL"), and the New York State Wage Theft Prevention Act ("WTPA"), seeking to recover unpaid minimum wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs from Defendants for Defendants' failure or refusal to pay minimum wages for all hours worked.

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Martinez's state law claims pursuant to 28

U.S.C. § 1367.  In addition, the Court has jurisdiction over Mr. Martinez's. claims under the FLSA pursuant to 29 U.S.C. § 216(b).

3.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. Sect. 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

### III.  THE PARTIES

#### A.  PLAINTIFF – MIGUEL MARTINES

4.  Plaintiff MIGUEL MARTINEZ is a New York resident and was employed by Defendants as a kitchen worker.

5.  Defendants employed Plaintiff MIGUEL MARTINEZ starting at approximately June 12, 2007, to the present.

6.  Throughout his employment, Plaintiff MIGUEL MARTINEZ was an employee engaged in interstate commerce or in the production of goods for interstate commerce.

#### B.  DEFENDANT - INSTITUTE FOR THE PUERTO RICAN/HISPANIC ELDERLY, INC

7.  Defendant INSTITUTE FOR THE PUERTO RICAN/HISPANIC ELDERLY, INC. is a New York not-for-profit corporation with principal place of business at 105 E. 22nd Street, #615, New York, New York 10010.

8.   Defendant INSTITUTE FOR THE PUERTO RICAN/HISPANIC ELDERLY, INC. is a New York not-for-profit corporation with a place of business at 7501 Broadway, Third Floor, Jackson Heights, New York 11372.

9.  Defendant INSTITUTE FOR THE PUERTO RICAN/HISPANIC ELDERLY, INC. has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

10. At relevant times, Defendant INSTITUTE FOR THE PUERTO RICAN/HISPANIC ELDERLY, INC. has been, and continues to be, an employer within the meaning of the FLSA, 29 U.S.C. § 207(a) and NYLL.

11. Defendant INSTITUTE FOR THE PUERTO RICAN/HISPANIC ELDERLY, INC. has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

12. In the three years preceding the date this Complaint was filed, Defendant INSTITUTE FOR THE PUERTO RICAN/HISPANIC ELDERLY, INC. had an annual gross volume of sales in excess of $500,000.

13. In Eris M. VAZQUEZ, Plaintiff, v. INSTITUTE FOR THE PUERTO RICAN HISPANIC ELDERLY, INC., Suleika C. Drinane, and Abbas Loghmani, Defendants., (Case no.: 12-cv-1107), Defendant INSTITUTE FOR THE PUERTO RICAN/HISPANIC ELDERLY, INC. settled claims for violations of the FLSA and NYLL for $100,000.00.

### C. DEFENDANT - ACACIA NETWORK, INC

14. Defendant ACACIA NETWORK, INC. is a New York not-for-profit corporation with principal place of business at 105 E. 22nd Street, #615, New York, New York 10010.

15. Defendant ACACIA NETWORK, INC. is a New York not-for-profit corporation with a place of business at 300 EAST 175TH STREET, BRONX, NY, UNITED STATES, 10457.

16. Defendant I ACACIA NETWORK, INC. has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

17. At relevant times, Defendant ACACIA NETWORK, INC. has been, and continues to be, an employer within the meaning of the FLSA, 29 U.S.C. § 207(a) and NYLL.

18. Defendant ACACIA NETWORK, INC. has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

19. In the three years preceding the date this Complaint was filed, Defendant ACACIA NETWORK, INC.. had an annual gross volume of sales in excess of $500,000

### D.  **DEFENDANT - LUZ M. CHANCI GARCIA (a/k/a LUCY GARCIA)**

20. Defendant LUZ M. CHANCI GARCIA (a/k/a LUCY GARCIA) is a manager, officer,

21. Upon information and belief, Defendant LUZ M. CHANCI GARCIA (a/k/a LUCY GARCIA) is a Chief Executive Officer of Defendant INSTITUTE FOR THE PUERTO RICAN/HISPANIC ELDERLY, INC.

22. Upon information and belief, Defendant LUZ M. CHANCI GARCIA (a/k/a LUCY GARCIA) is a director of Defendant INSTITUTE FOR THE PUERTO RICAN/HISPANIC ELDERLY, INC.

23. Upon information and belief, Defendant LUZ M. CHANCI GARCIA (a/k/a LUCY GARCIA) replaced the supervisor who originally hired Plaintiff MIGUEL MARTINEZ.

24. Defendant LUZ M. CHANCI GARCIA (a/k/a LUCY GARCIA) had power to hire employees.

25. Upon information and belief, Defendant LUZ M. CHANCI GARCIA (a/k/a LUCY GARCIA) had power to fire employees, including Plaintiff MIGUEL MARTINEZ.

26. Defendant LUZ M. CHANCI GARCIA (a/k/a LUCY GARCIA) set Plaintiff MIGUEL MARTINEZ's work schedules

27. Defendant LUZ M. CHANCI GARCIA (a/k/a LUCY GARCIA) signed work schedules of Plaintiff MIGUEL MARTINEZ.

28. Upon information and belief, Defendant LUZ M. CHANCI GARCIA (a/k/a LUCY GARCIA) has power over personnel decisions.

29. Upon information and belief, Defendant LUZ M. CHANCI GARCIA (a/k/a LUCY GARCIA) has power over payroll decisions.

30. Upon information and belief, Defendant LUZ M. CHANCI GARCIA (a/k/a LUCY GARCIA) has power over hiring and firing.

31. Defendant LUZ M. CHANCI GARCIA (a/k/a LUCY GARCIA) operates, controls, manages, or maintains the business email lucia.garcia@iprhe.org.

32. Defendant LUZ M. CHANCI GARCIA (a/k/a LUCY GARCIA) operates, controls, manages, or maintains the business phone number 718-478-7171.

33. The individual Defendant, LUZ M. CHANCI GARCIA (a/k/a LUCY GARCIA), exercised control over the terms and conditions of employees' employment, including Plaintiff, in that they have and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

34. Defendant LUZ M. CHANCI GARCIA (a/k/a LUCY GARCIA) is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable.

### E. **DEFENDANT - SULEIKA C DRINANE (a/k/a SULEIKA CABRERA DRINANE)**

35. Defendant SULEIKA C DRINANE (a/k/a SULEIKA CABRERA DRINANE) is the president and Chief Executive Officer at Defendant INSTITUTE FOR THE PUERTO RICAN / HISPANIC ELDERLY, INC.

36. Defendant SULEIKA C DRINANE (a/k/a SULEIKA CABRERA DRINANE) has held herself out as the president and Chief Executive Officer at Defendant INSTITUTE FOR THE PUERTO RICAN / HISPANIC ELDERLY, INC.

37. Upon information and belief, Defendant SULEIKA C DRINANE (a/k/a SULEIKA CABRERA DRINANE) exercised power over personnel decisions.

38. Upon information and belief, Defendant SULEIKA C DRINANE (a/k/a SULEIKA CABRERA DRINANE) exercised power over payroll decisions.

39. Upon information and belief, Defendant SULEIKA C DRINANE (a/k/a SULEIKA CABRERA DRINANE) exercised power to hire and fire employees.

40. Defendant SULEIKA C DRINANE (a/k/a SULEIKA CABRERA DRINANE) operates, controls, manages, or maintains the business email suleika@iprhe.org.

41. Upon information and belief, the individual Defendant, SULEIKA C DRINANE (a/k/a SULEIKA CABRERA DRINANE), exercised control over the terms and conditions of employees' employment, including Plaintiff, in that they have and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

42. Defendant SULEIKA C DRINANE (a/k/a SULEIKA CABRERA DRINANE) is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29

C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable.

43. In <u>Eris M. VAZQUEZ, Plaintiff, v. INSTITUTE FOR THE PUERTO RICAN HISPANIC ELDERLY, INC., Suleika C. Drinane, and Abbas Loghmani, Defendants., (Case no.: 12-cv-1107)</u>, Defendant SULEIKA C DRINANE (a/k/a SULEIKA CABRERA DRINANE) settled claims for violations of the FLSA and NYLL for $100,000.00.

## IV. FACTS

44. Defendants are "employer[s]" within the meaning of 29 U.S.C. § 203(d) of the FLSA and § 190(3) of the NYLL.

45. Plaintiff MIGUEL MARTINEZ is an "employee" under the FLSA, 29 U.S.C.A. § 203, and the NYLL § 190.

46. Plaintiff MIGUEL MARTINEZ's work for Defendants involves, inter alia, washing dishes, cleaning floors and other similar custodial and kitchen duties.

47. From approximately July 21, 2016, to the present, Plaintiff MIGUEL MARTINEZ worked Monday to Friday from approximately 8:00 AM to approximately 4:00 PM, i.e., approximately forty (40) hours per week, except from approximately March 2020 to June 2021.

48. In the year 2016, Plaintiff MIGUEL MARTINEZ's wages were set at approximately $9.00 per hour.

49. In the year 2017, Plaintiff MIGUEL MARTINEZ's wages were set at approximately $11.00 per hour.

50. In the year 2018, Plaintiff MIGUEL MARTINEZ's wages were set at approximately $13.50 per hour.

51. In the year 2019, Plaintiff MIGUEL MARTINEZ's wages were set at approximately $15.00 per hour.

52. In the year 2020, Plaintiff MIGUEL MARTINEZ's wages were set at approximately $15.00 per hour.

53. In the year 2021, Plaintiff MIGUEL MARTINEZ's wages were set at approximately $15.91 per hour.

54. In the year 2022, Plaintiff MIGUEL MARTINEZ's wages were set at approximately $15.91 per hour.

55. Plaintiff was regularly paid for only thirty-five (35) hours per week.

56. Defendants deducted one (1) hour of wages from each shift. For instance, despite having worked forty (40) hours over the course of a five-day week, Plaintiff was only paid for thirty-five (35) hours for the week.

57. Plaintiff was not paid weekly.

58. Plaintiff was paid bi-weekly.

59. Plaintiff MIGUEL MARTINEZ was not provided with a bona fide meal period.

60. Plaintiff MIGUEL MARTINEZ was not completely relieved from duty during purported meal periods.

61. Plaintiff MIGUEL MARTINEZ was not provided with meal periods lasting longer than thirty (30) minutes.

62. Plaintiff MIGUEL MARTINEZ's meal periods, to the extent he could take them, were interrupted by work duties.

63. Plaintiff MIGUEL MARTINEZ was not freed from duties during any purported meal period.

64. Despite having deducted approximately one (1) hour of compensation per shift for an ostensible "meal" or "lunch" break, Plaintiff MIGUEL MARTINEZ was not provided with an uninterrupted meal break.

65. Defendants suffered or permitted Plaintiff MIGUEL MARTINEZ to continue to work during purported mealtimes.

66. Defendants knew or had reason to believe that Plaintiff MIGUEL MARTINEZ was continuing to work and/or working during purported mealtimes.

67. When Plaintiff MIGUEL MARTINEZ reported that he was working during purported mealtimes, he was told that if he does not like it, he can quit.

68. When Plaintiff MIGUEL MARTINEZ reported that he was working during purported mealtimes, no changes were made to Plaintiff MIGUEL MARTINEZ's compensation or work periods.

69. Defendants' violations of the FLSA and NYLL were willful.

70. Defendants did not furnish Plaintiff MIGUEL MARTINEZ with wage notice(s) upon hiring or whenever his rate of pay changed.

71. Defendants did not furnish Plaintiff MIGUEL MARTINEZ with each wage payment an accurate wage statement that provided, *inter alia,* Plaintiff MIGUEL MARTINEZ's hours worked or the name of the employer.

## V. CAUSES OF ACTION

### A. FIRST CAUSE OF ACTION - New York Labor Law - Unpaid Minimum Wages

72. Plaintiff realleges and incorporates by reference all previous paragraphs.

73. The NYLL requires that employers pay employees a minimum wage for the first forty hours worked in a workweek.

74. Defendants are employers of Plaintiff and other kitchen workers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor ("NYDOL") Regulations.

75. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendants.

76. Defendants failed to pay Plaintiff and other kitchen workers the minimum wages to which they were entitled to under the NYLL and its supporting regulations.

77. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and other kitchen workers the correct minimum hourly wage.

78. As a result of Defendants' violations of the NYLL, Plaintiff and other kitchen workers are entitled to recover unpaid minimum wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

### B. SECOND CAUSE OF ACTION - Fair Labor Standards Act - Unpaid Minimum Wage

79. Plaintiff realleges and incorporates by reference all previous paragraphs.

80. The FLSA and NYLL require that employers pay employees a minimum wage for all weekly hours worked up to forty.

81. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed plaintiffs.

82. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, et seq. and the supporting federal regulations, apply to defendants.

83. Defendants failed to pay plaintiffs the minimum wages to which they were entitled under the FLSA.

84. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs.

85. As a result of defendants' willful violations of the FLSA, plaintiffs suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial,

and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

### C. THIRD CAUSE OF ACTION - New York Labor Law - Failure to Provide Proper Annual Wage Notices

86. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

87. Defendant has failed to furnish Plaintiff proper annual wage notices as required by NYLL, Article 6, § 195(1).

88. Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars each workday that Defendants failed to provide Plaintiff with annual wage notices, or a total of five thousand dollars each, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198(1-b).

### D. FOURTH CAUSE OF ACTION - New York Labor Law - Failure to Provide Accurate Wage Statements

89. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

90. Defendants failed to supply Plaintiff with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3).

91. Due to Defendants' violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars each, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198 (l-d).

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

    a. A compensatory award of unpaid compensation due under the FLSA and the NYLL;

    b. An award of liquidated damages as a result of Defendants' willful failure to pay compensation pursuant to the FLSA and NYLL;

    c. Liquidated damages for Defendants' New York Labor Law violations;

    d. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

    e. Punitive damages;

    f. An award of prejudgment and post-judgment interest;

    g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    h. Such other, further, and different relief as this Court deems just and proper.

## VII. **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to a jury trial.

Dated: Astoria, New York  
       July 22, 2022

SACCO & FILLAS, LLP

By:    */s/ Clifford Tucker*  
Clifford Tucker, Esq.  
31-19 Newtown Avenue, Seventh Floor  
Astoria, New York 11102  
Tel: 718-269-2243  
Email: CTucker@SaccoFillas.com